IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50641
Conference Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ANTONIO GARCIA-HERNANDEZ, also known as
Antonio Hernandez, also known as Juan
Antonio Garcia, also known as Pedro
Hernandez-Garcia,

                                        Defendant-Appellant;


_____

Consolidated with
No. 00-50682

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DANIEL SANCHEZ-CONTRERAS, also known
as Daniel Sanchez,

                                        Defendant- Appellant;


_____

Consolidated with
No. 00-50692

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CARLOS REYNA-SANTANA, also known as
Mario Salinas-Cardenas, also known
as Felix Rivas,

                                    Defendant-Appellant;

_____

Consolidated with
No. 00-50825
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JUAN GABRIEL SEGOVIA-GALAN, also known
as Roger Gallegos,

                                    Defendant-Appellant;

_____

Consolidated with
No. 00-50826
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JOSE HOMERO RUELES-HERNANDEZ,

                                    Defendant-Appellant.

- - - - - - - - - -
Appeals from the United States District Court
for the Western District of Texas
- - - - - - - - - -
February 15, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent

Antonio Garcia-Hernandez, Daniel Sanchez-Contreras, Carlos Reyna-Santana, Juan Gabriel Segovia-Galan, and Jose Homero Rueles-Hernandez (collectively the Defendants) appeal their sentences following their guilty plea convictions for illegal re-entry after deportation in violation of 8 U.S.C. § 1326. The Defendants argue that their sentences should not have exceeded the two-year maximum sentence under 8 U.S.C. § 1326(a). The Defendants acknowledge that their argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but they seek to preserve the issue for Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

The Defendants' argument is foreclosed by Almendarez-Torres, 523 U.S. at 235.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that the judgments of the district court be affirmed and that an appellee's brief not be required. The motion is granted.

AFFIRMED; MOTION GRANTED.

---

except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.